IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RODNEY BAREFIELD**                                                                                                  **PLAINTIFF**

v.                                            Case No.  4:15-cv-00411-KGB

**UNITED PARCEL SERVICE, INC.,**
**DAVE EUSANIO and MARK FIJO**                                                          **DEFENDANTS**

## ORDER

Before the Court is plaintiff Rodney Barefield's motion to remand to state court (Dkt. No. 17).  Defendants oppose the motion (Dkt. No. 19).  Mr. Barefield also has filed a motion to stay the Court's scheduling order, pending a ruling on the motion to remand (Dkt. No. 23).  Defendants oppose this request, as well (Dkt. No. 24).  This Court grants the motion to remand and denies as moot Mr. Barefield's motion to stay.

**I.      Background**

Mr. Barefield filed this case in the Circuit Court of Pulaski County, Arkansas.  He claims that defendants Dave Eusanio, Mark Fijo, and the United Parcel Service, Inc. ("UPS") "discriminated against Plaintiff on the basis of his race and retaliated against him in violation of the" Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq.* (Dkt. No. 8, at 2).  He asserts that the defendants harassed and intimidated him because of his race, also in violation of the ACRA.  He further alleges that he "complained of discrimination and opposed illegal discriminatory practices" at UPS and that, after he filed suit in state court, Mr. Fijo terminated him "in violation of company policy because Plaintiff has a disability and requested leave.  In the disciplinary meeting, Fijo repeatedly referred to Plaintiff's leave in a negative manner" (Dkt. No. 8, at 3).  Mr. Barefield seeks compensatory damages for severe mental and

emotional distress and lost wages, punitive damages, reasonable attorney's fees, and other equitable relief.

On July 6, 2015, all defendants filed a notice of removal with this Court (Dkt. No. 1). They claim that removal is proper on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, as they contend that Mr. Barefield is asserting a claim against them under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.* (Dkt. No. 1, at 1). Mr. Barefield argues that he has no federal claims, as he "suffered no adverse job action cognizable under the FMLA" (Dkt. No. at 2) and as "he has no damages that are recoverable under the FMLA" (Dkt. No. 17, at 1). Citing a recent decision from the Eighth Circuit Court of Appeals, he also notes that a "request for leave is not necessarily a request for FMLA leave" (Dkt. No. 17, at 1). In response, UPS, Mr. Fijo, and Mr. Eusanio point to comments made by Mr. Barefield at his deposition, which the defendants claim prove that his retaliation claim is a claim under the FMLA (Dkt. No. 19, at 2). They also contend that the FMLA permits an eligible employee to recover damages of the type Mr. Barefield seeks (Dkt. No. 19, at 2 (citing 29 U.S.C. § 2617(a)(1)).

**II.     Analysis**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party has the burden to show, by a preponderance

of the evidence, that removal was proper. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Any "doubts about federal jurisdiction must be resolved in favor of remand." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014).

UPS, Mr. Fijo, and Mr. Eusanio argue that this Court has original jurisdiction over Mr. Barefield's action because it presents a federal question. "Federal question jurisdiction exists if the 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). The plaintiff is the master of his complaint and, as such, "can generally avoid removal to federal court by alleging only state law claims." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012).

Mr. Barefield bases his claim for damages on the ACRA, which allows recovery of damages or injunctive relief for intimidation, harassment, discrimination based on race or disability, and retaliation. Ark. Code. Ann §§ 16-123-101 to 108. At no point in his complaint does he allege a violation of the FMLA or attempt to state any other claim under federal law. It is possible that he could have a claim for damages under the FMLA, but he has not asserted a claim on that basis. One does not appear on the face of his complaint. Instead, he has chosen to pursue remedies that are available to him under Arkansas law. He states in support of his motion to remand, in reference to the purported FMLA claim, that he declines to pursue a claim he has not plead and will not plead (Dkt. No. 18, at 2). In choosing to pursue only claims and remedies available to him under Arkansas law, Mr. Barefield avoided presenting any federal question for this Court to consider and, as that was the sole basis alleged for supporting subject matter jurisdiction upon removal, this Court finds that remand is necessary.

For these reasons, Mr. Barefield's motion to remand is granted (Dkt. No. 17), and the Court remands this case to the Circuit Court of Pulaski County, Arkansas.  28 U.S.C. § 1447.  To the extent that Mr. Barefield requests attorney's fees, that request is denied.  This Court denies as moot his motion for a stay of this Court's scheduling order (Dkt. No. 23).

SO ORDERED this 18th day of November, 2015.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge